# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

| | |
|---|---|
| JACKIE CARTER,<br><br>                  Plaintiff,<br>v.<br><br>LT.CURTIS JANSSEN,<br>MARC CLEMENTS,<br>STEVEN SCHUELER,<br>DEBRA GEMPELER,<br>BELINDA SCHRUBBE,<br>JUDY SCHAEFER,<br>JAMES MUENCHOW,<br>JESSE SCHMIDT, and<br>WARDEN PHIL KINGSTON,<br><br>                  Defendants. | Case No. 09-CV-1180-JPS<br><br><br><br><br><br>ORDER |

       On June 16, 2011, the court granted the defendants' motion to compel the plaintiff to produce documents and to fully answer deposition questions, based upon the plaintiff's refusal during depositions on May 4, 2011, and May 12, 2011, to answer certain questions and to permit defense counsel to review documents that the plaintiff referred to during the deposition. The plaintiff's misconduct was documented in the deposition transcripts, and the court admonished the plaintiff that this action would be dismissed, with prejudice, if he failed "to fully answer the questions posed in his next deposition and produce all relevant documents related to his testimony." (Court's Order of June 16, 2011 at 2).

       On July 27, 2011, the defendants filed a motion for dismissal, stating that at a third deposition on July 14, 2011, the plaintiff continued to evade questions regarding documents used at the previous depositions and his

conversations with others. On September 29, 2011, Attorney Joseph A. Ranney advised by letter that he had been appointed on a limited basis to consult with the plaintiff regarding three cases pending in the Western District. Attorney Ranney stated that he was investigating the plaintiff's claims and asked the court to permit the plaintiff additional time to respond to the defendants' dismissal motion. On October 26, 2011, Attorney Ranney advised that he will not be representing the plaintiff in this matter. On the same day, the plaintiff responded to the defendants' motion to dismiss.

The plaintiff maintains that he has not withheld any documents, and states,

> I am not refusing to answer any question, I answered them (all) except when I felt that this defendant was trying to make me say things I shouldn't because I had no attorney there to help me identify the skillful tricks of the defendant.

Plaintiff's Response Letter, Docket #71, at 1. Although the plaintiff contends that he has "done nothing to warrant the dismissal of this case," the record indicates otherwise. *Id.* at 2. By the plaintiff's own acknowledgment, he refused to answer some questions. While *pro se*, the incarcerated plaintiff is no stranger to litigation, as he has filed fourteen civil actions in the last three years.[1] However, although the plaintiff was specifically admonished by the court that his misconduct must end and that this case would be dismissed if he failed to fully answer the questions posed during his third deposition, he still failed to do so. As a result, this case will be dismissed for disobeying a

---

[1] After filing this lawsuit, the plaintiff received his second and third strikes. Strikes for bringing a legally frivolous lawsuit have been assessed against the plaintiff in *Carter v. Frank*, 07-CV-713-BBC (W.D. Wis. June 4, 2008); *Carter v. Raemisch*, 09-CV-75-WCG (E.D. Wis. Mar. 3, 2009); and *Carter v. Huibregtse*, 09-CV-427-BBC (W.D. Wis. Mar. 3, 2010).

discovery order, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v). All parties must comply with discovery orders, whether represented by counsel or appearing *pro se.* The plaintiff's continued refusal to provide complete responses, despite written warning from the court, establishes that the plaintiff is at fault. Given the substantial costs the plaintiff's misconduct has imposed upon the defendants through three lengthy and largely fruitless attempts to depose the plaintiff, and the plaintiff's continued intransigence, dismissal for discovery abuse is appropriate. *See, e.g. Collins v. Illinois*, 554 F.3d 693, 696 (7th Cir. 2009) ("The district court's choice of dismissal was reasonable given Collins's willful refusal to be deposed.").

Accordingly,

IT IS ORDERED that the defendants' motion for dismissal (Docket #60) be and the same is hereby GRANTED.

IT IS FURTHER ORDERED that this case be and the same is hereby DISMISSED, with prejudice, pursuant to Federal Rule of Civil Procedure 37(b)(2)(A)(v), for failure to obey a discovery order.

The clerk of the court is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin, this 31st day of October, 2011.

BY THE COURT:

J.P. Stadtmueller
U.S. District Judge